UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ZURIEL LAVIE, § | |
| § | |
| *Appellant*, § | |
| § | |
| v. § | CIVIL ACTION H-07-1906 |
| § | |
| YUVAL RAN, § | |
| § | |
| *Appellee*. § | |

### ORDER

Pursuant to Chapter 15 of the Bankruptcy Code, appellant Zuriel Lavie, appointed trustee of appellee Yuval Ran's property, sought from the Bankruptcy Court for the Southern District of Texas recognition of an order of an Israeli Bankruptcy Court declaring Ran, *inter alia*, bankrupt. The bankruptcy court found the Israeli bankruptcy proceeding neither a foreign main nor a foreign nonmain proceeding, thereby denying Chapter 15 recognition of the proceeding. Consequently, Lavie petitioned this court to reverse the bankruptcy court's ruling. Dkt. 3.

The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8, 119 Stat. 23, codified in Chapter 15 of the Bankruptcy Code, implemented the Model Law on Cross-Border Insolvency in the United States. *See In re Bear Stearns High-Grade Structured Credit Strategies Master Fund, Ltd.*, 374 B.R. 122, 126 (Bankr. S.D.N.Y. 2007). Chapter 15 permits a representative in a foreign bankruptcy proceeding to petition a United State Bankruptcy Court for recognition of the foreign proceeding under the Bankruptcy Code. If the foreign proceeding qualifies for Chapter 15 recognition, "the foreign representative gains the capacity to sue and be sued in the United States courts and the authority to apply directly to a court in the United States for appropriate relief, and that all courts in the United States must grant comity or cooperation to the foreign

representative." *Iida v. Kitahara*, 377 B.R. 243, 257 (B.A.P. 9th Cir. 2007); *see also* 11 U.S.C. § 1509(b). Additionally, the representative in a recognized foreign proceeding may petition the court for a host of relief available to a trustee under the Code. *See* 11 U.S.C. § 1521.

To obtain Chapter 15 recognition of a foreign proceeding, the individual seeking recognition must be a "foreign representative." 11 U.S.C. § 1515(a); 11 U.S.C. § 101(24) ("foreign representative" is defined as "a person . . . authorized in a foreign proceeding to administer the reorganization or liquidation of the debtor's assets or affairs or to act as a representative of such foreign proceeding."). Next, the foreign representative must apply "to the court for recognition of a foreign proceeding in which the foreign representative has been appointed by filing a petition for recognition." 11 U.S.C. § 1515(a). Along with the petition, the representative must file a certified copy or certificate of the decision commencing the foreign proceeding and appointing the foreign representative from the rendering jurisdiction.[1] 11 U.S.C. § 1515(b)(1)-(2). In addition, the petition must include "a statement identifying all foreign proceedings with respect to the debtor that are known to the foreign representative." 11 U.S.C. § 1515(c). Finally, the Court must determine that the foreign proceeding at issue, as defined by 11 U.S.C. § 101(23), is either a "foreign main proceeding" or a "foreign nonmain proceeding." 11 U.S.C. § 1517. Thus, a simple recognition of a foreign proceeding is insufficient, as a "foreign proceeding without specifying more (i.e., nondeclaration as to either 'main or nonmain') is insufficient as there are substantial eligibility distinctions and consequences." *In re Bear Stearns*, 374 B.R. at 125.

Chapter 15 defines a foreign main proceeding as "a foreign proceeding pending in the country where the debtor has the center of its main interest." 11 U.S.C. § 1502(4). The Code does not define

---

[1] In the absence of such evidence, the court may accept other evidence that such foreign proceeding exists. 11 U.S.C. § 1515(b)(3).

2

"center of main interests" ("COMI"). Section 1516(c), however, instructs that in the case of an individual, the debtor's habitual residence is presumed, in absence of evidence to the contrary, to be the center of the debtor's main interests. 11 U.S.C. § 1516(c). While not defined in the Code, habitual is commonly defined to mean "[c]ustomary, usual, of the nature of a habit." BLACK'S LAW DICTIONARY 711 (6th ed. 1990). Moreover, other courts have examined various evidentiary factors in determining a debtor's COMI. *In re SPhinX, Ltd.*, 351 B.R. 103, 117 (Bankr. S.D.N.Y. 2006), *aff'd*, 371 B.R. 10 (S.D.N.Y. 2007); *In re Loy*, No. 07-51040-SCS, 2007 WL 4532092 (Bankr. E.D.Va. Dec. 18, 2007).

In this case, the Bankruptcy Court reviewed the foreign proceeding and found that it was neither a main nor a nonmain proceeding. The court's analysis read:

> The evidence shows that since 1997, Yuval Ran has lived with his family and worked in Houston, Harris County, Texas, which the Court finds is Yuval Ran's habitual residence. Consequently, the Court finds that Houston, Harris County, Texas is the center of Yuval Ran's main interests and has been since 1997. As the center of Ran's main interests are not in Israel, the proceeding pending in Israel for which Lavie has been appointed trustee does not constitute a "foreign main proceeding" under 11 U.S.C. § 1502(4).

*In re Yuval Ran*, 06-37067, Dkt. 21 at 4 (Bankr. S.D. Tex. May 22, 2007). Clearly, the Bankruptcy Court found that Ran's habitual residence was in Houston and, therefore, presumed Houston to be Ran's COMI. *See* 11 U.S.C. § 1516(c). Section 1516(c) of the Code, however, directs that the presumption is rebuttable by "evidence to the contrary." *Id.* Therefore, a review of proffered proof is required to determine whether contrary evidence justifies a finding that an individual debtor's COMI is somewhere other than the place of his habitual residence. *See, e.g.*, *In re Loy*, 2007 WL 4532092; *In re SPhinX*, 371 B.R. 10 (contrary evidence reviewed in determining COMI of corporate debtor).

3

Bankruptcy Rule 8013 sets forth the standard of review of orders and judgments issued by the bankruptcy courts. Rule 8013 provides:

> On an appeal, the district court or bankruptcy appellate panel may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings. Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses.

FED. R. BANKR. P. 8013. The bankruptcy court correctly found that as Ran's habitual residence, Houston is presumed his COMI. However, further factual findings and legal analysis is required to determine whether Lavie, through evidence either offered by him or otherwise in the record, meets his burden of rebutting that presumption. *See In re Loy*, 2007 W.L. 4532092, \*8 ("The foreign representative has the burden to show that the requirements for recognition of a foreign proceeding erected by Chapter 15 have been met." (citing *In re SPhinX*, 351 B.R. at 117)).

Therefore, this case is REMANDED to the bankruptcy court for further proceedings. The bankruptcy court is instructed to determine what factors are appropriate when considering the COMI of an individual debtor and make findings of fact in accord with the aforementioned factors. Thereafter, the court must determine if the presumption that an individual debtor's habitual residence is his COMI has been rebutted.

Signed at Houston, Texas on February 6, 2008.

_____
Gray H. Miller
United States District Judge

4